UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BELINDA PETERSON :
           Plaintiff :
   v. : Civil Action No.
           :
OCWEN LOAN SERVICING, LLC :
           Defendant. :
            :

**COMPLAINT**

**Introduction**

     This is an action by a homeowner against a default servicing company seeking a proper accounting of her mortgage and statutory damages under the Fair Debt Collection Practices Act.

**Venue and Jurisdiction**

     1.     Jurisdiction over this matter is conferred upon this Court by 15 U.S.C. §1692 and 28 U.S.C. §§ 1331.  The court has supplemental jurisdiction over her state law claims.

     2.     Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

Parties

     3.     Plaintiff Belinda Peterson is a natural person residing at 1317 North Dover Street Philadelphia, Pennsylvania 19121.

     4.     The Defendant, Ocwen Loan Servicing, LLP ("Ocwen"), is a corporation with its principal offices at 12650 Ingenuity Drive, Orlando, FL 32826.  Ocwen is the servicing agent for the holder of Ms. Peterson's mortgage.   Ocwen acquired servicing rights to plaintiff's mortgage loan

1

debt disputed herein when actually or allegedly in default and therefore Ocwen is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. §1692a(6)(F)(iii).

**Factual Allegations**

5. On or about November 19, 2009, Ocwen purchased the servicing rights to plaintiff's mortgage loan from prior servicer, Saxon Mortgage.

6. At the time of the aforesaid transfer, plaintiff's monthly mortgage payment to Saxon was $1,239.52 principal and interest and $821.89 escrow (hereinafter "the Saxon payment").

7. Insofar as plaintiff's tax and insurance obligations totaled $647.97 monthly as confirmed by defendant's annual escrow analysis, plaintiff had an annual escrow cushion of roughly $2,076.00.

8. In or around October, 2009, Plaintiff fell behind one (1) month on her mortgage.

9. On or about November 20, 2009, plaintiff sent Ocwen a double payment of $4,284.80 to cover October and November's payments.

10. On or about December 17, 2009, defendant sent plaintiff a monthly statement reflecting an amount due of $4,222.82.

11. At the time plaintiff received the aforesaid December statement she was only one (1) monthly payment in arrears.

12. On or about January 5, 2010, plaintiff sent a partial payment of $1,500.00 and a partial payment of $500 on January 21, 2010, for December's payment.

13. On or about January 26, 2010 plaintiff sent a payment of $2,000.00 resulting in her being roughly $225.00 in arrears.

14. On or about January 16, 2010, defendant sent plaintiff notice of an amount due of $2,722.82.

15. As of February 1, 2010, defendant notified plaintiff that her monthly mortgage payment adjusted according to the terms of the original Note such that the new payment of principal and interest would be $1,332.42 and $723.40 reduced escrow for a total reduced monthly payment of $2,055.82 (hereinafter "the new payment").

16. Plaintiff has paid defendant $2,100 per month from March, 2010 to the present.

17. Based on the payments plaintiff has made, plaintiff's account with Ocwen should reflect that it is current.

18. Since Ocwen has assumed servicing of the loan, Ocwen has sent monthly statements misstating amounts due to Ocwen, sometimes in wilding varying amounts, the basis for which plaintiff cannot discern.

19. Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendant's abusive collection conduct.

**Cause of Action**

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

21. Ocwen was a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, at the time it became the servicing agent for Ms. Peterson's loan, in that it regularly collects debts owed to another, and the debt was asserted by Ocwen to be contractually in default at the time it became the servicer of the debt.

22. Proper accounting for plaintiff's mortgage loan payments would have determined that plaintiff was not in arrears.

23. Ocwen's payment statements to plaintiff have incorrectly stated the amount and the status of Ms. Peterson's debt.

24. Ocwen violated §1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt;

25. Ocwen violated §1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt.

## COUNT II - EQUITY

26. Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

27. Plaintiff is entitled to an accurate accounting of her mortgage loan by Ocwen.

## JURY DEMAND

28. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d. That the Court grant plaintiff equitable relief such other and further relief as may be just and proper.

Dated: November 23, 2010                                    RC 935

        ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200